## SARAH TURNER, RESPONDENT, v. C. H. REYNOLDS, APPELLANT.

APPEAL — REVIEW OF SUFFICIENCY OF EVIDENCE. — On an appeal from a judgment taken more than sixty days after its rendition, there can be no review of the sufficiency of the evidence to justify the decision or verdict.

ID. — TIME FOR APPEAL — NEW TRIAL ORDER — DISMISSAL. — An appeal from a new trial order taken more than sixty days after the entry of the order will be dismissed.

CONTRACT OF SALE — RECOVERY OF DEPOSIT — INSUFFICIENT ABSTRACT OF TITLE — DEDICATION OF STREET — MEASURE OF DAMAGES — INTEREST. — Under a written agreement for the sale of a lot, providing that twelve days should be allowed for an examination of the title, and that if the title should not prove to be valid the deposit made under the agreement should be returned, the deposit may be recovered if it appears that a portion of the lot contracted to be conveyed had been dedicated and used as a public street, and the plaintiff may also recover as damages the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon, and interest on the deposit from the time of the demand and refusal to return the same.

ID. — DEDICATION OF STREET — PLEADING — FINDINGS. — An issue tendered in an action for the recovery of a deposit made under a contract of sale, as to the fact that a portion of the lot was dedicated by deed as a public street, is immaterial, so far as the question of dedication by deed is concerned, and only the ultimate fact that there was a valid dedication of a portion of the lot to the use of the public as a street needed to be alleged or found.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Thomas F. Barry,* for Appellant.

*J. M. Wood,* for Respondent.

BELCHER, C. C.—This is an appeal by the defendant from a judgment in favor of the plaintiff, and from an order denying a new trial. The judgment was rendered on the fourteenth day of June, 1886; the order denying

a new trial was entered on the second day of December, 1886, and the notice of appeal was served and filed on the tenth day of February, 1887.

On an appeal from a final judgment an exception to the decision or verdict, on the ground that it is not supported by the evidence, cannot be reviewed, unless the appeal is taken within sixty days after the rendition of the judgment. And an appeal from an order denying a new trial can only be taken within sixty days after the order is entered. (Code Civ. Proc., sec. 939.)

As the appeal in this case was taken more than sixty days after the rendition of the judgment, and after the order refusing a new trial was entered, the principal point urged by counsel for appellant, viz., that the findings of the court were not justified by the evidence, cannot be considered.

The other points, arising upon the judgment roll, are, that the court failed to find upon two material issues, and that it erred in allowing the plaintiff forty dollars damages.

The action was brought to recover the sum of three hundred dollars, paid by plaintiff to defendant as a deposit to bind the purchase of a lot of land in the city of San Francisco, and also the further sum of forty dollars, paid by plaintiff for an abstract and report on the title to the lot. The defendant gave plaintiff a written agreement for the sale of the lot, providing that twelve days should be allowed for an examination of the title, and that if the title should not prove to be valid, the deposit should be returned.

The complaint alleges that "defendant failed within said twelve days, and for a great many days thereafter, to make or pass a valid title to said land to this plaintiff, and has so failed up to this day, though the same has been by plaintiff often demanded; that defendant could not make or pass a valid title to said land, for the reason that the seller had not title to the westerly twenty feet

thereof, which had been dedicated by deed, as disclosed by a search of the title thereto, as a public street, and the same at the time of said contract to sell was actually used as a public street, and is now so. used"; and that "plaintiff expended forty dollars in and about said matter for an abstract and report on the title to said land." The answer to these allegations was a general denial.

The court, among other things, found:—

"5. That on or about the twelfth day after the date of said contract plaintiff objected to said title for the reason that defendant had not title to the westerly twenty feet of said land, for that the same had been dedicated, and at the time of said contract to sell was actually used as a public street, and thereupon demanded the return of said deposit.

"6. That at said time said twenty feet of said land was used and dedicated as a public street.

"7. That the defendant never tendered to plaintiff a good or a sufficient deed or deeds of conveyance, transferring or conveying to plaintiff a valid or perfect title to said land, and could not do so.

"9. That defendant has utterly failed hitherto to make, or pass, or render any valid title to said lands to said plaintiff, and could not have made or passed such title.

"10. That plaintiff expended forty dollars in and about said matter . . . . for an abstract and report on the title to said land."

It is claimed that there is no finding as to whether there was a dedication *by deed* of a public street through the land in controversy, and that this was a material issue. We think the finding sufficient.

The question to be determined was, Had there been a valid dedication of a portion of the lot to the use of the public as a street? This was the ultimate fact, and under our system ultimate facts only need be alleged or found.

It is also claimed that there is no finding as to whether the plaintiff often demanded a conveyance after the twelve days provided in the contract had expired, and that this was a material issue, because it affected the time from which interest should be charged. We see nothing in this point. Under the facts found, plaintiff was evidently entitled to claim and receive interest on her deposit from the time she demanded and defendant refused its return.

It is objected that the findings do not support the judgment in so far as it awards the plaintiff forty dollars damages. This objection is met by section 3306 of the Civil Code, which fixes the rule of damages in cases like this, and, among other things, allows "the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon."

We advise that the appeal from the order denying a new trial be dismissed, and that the judgment be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the appeal from the order denying a new trial is dismissed, and the judgment is affirmed.