(120 App. Div. 492)

## FLOETING v. HOROWITZ.

(Supreme Court, Appellate Division, Second Department.　June 7, 1907.)

VENDOR AND PURCHASER—RESCISSION BY PURCHASER—DEFICIT IN FRONTAGE OF LOT.

　　One contracting for purchase of premises "being known as 71 P. St., * * * the same having a frontage of 27 feet 6 inches," may refuse to complete purchase, and recover the earnest money and expenses, on tender of a deed describing the premises, as shown by the result of a survey, as having a frontage of 27 feet 1½ inches.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 201.]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Gustave R. Floeting against Louis J. Horowitz. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Isidor Buxbaum, for appellant.
Charles S. Carrington, for respondent.

HOOKER, J. The plaintiff agreed to purchase of the defendant premises "being known as seventy-one Pineapple street, in the borough of Brooklyn, New York City, same having a frontage of twenty-seven feet six inches on Pineapple street with a depth of about one hundred and one feet," and upon the execution of the contract paid $100 in cash toward the purchase price. At the time set for the completion of the purchase, the defendant tendered a deed, in which the premises were described as being 27 feet 1½ inches frontage on Pineapple street. This description was the result of a survey. The entire front of the premises was occupied by a brick apartment house. The plaintiff refused to complete the purchase because the description did not conform with the description contained in the agreement as to the number of feet front, and has brought this action to recover the sum of $100 paid to apply on the purchase price and other proper and necessary expenses. The plaintiff's complaint was dismissed, and the defendant has been awarded a judgment upon his counterclaim for certain expenses he was put to in connection with the transaction.

The question presented is one of law. The case of Siebel v. Cohen, 54 N. Y. Super. Ct. 436, is directly in point. There the court affirmed a judgment recovered by the plaintiff as damages sufficient to include a deposit made by him on the execution by the defendant of a written contract to sell to the plaintiff a lot known as 44 Monroe street, in the city of New York; said lot being 24 feet 8½ inches in front and rear, by 97 feet 6 inches in depth on both sides. The premises were in fact only 24 feet 3 inches in width. The court said:

"The plaintiff was clearly entitled to a conveyance sufficient to vest in him the title to all, not merely a portion, of the lot as described in the contract of sale, and to compel him to pay the whole purchase money for a lot smaller than that described in that contract would be manifestly unjust."

The defendant relies upon Raben v. Risnikoff, 95 App. Div. 68, 88 N. Y. Supp. 470, where the deed offered in fulfillment of the contract purported to convey a lot 31 feet 3 inches wide, instead of 32 feet. This court there said:

"There was no statement or claim in behalf of the vendor that the dimensions of the lot known by the street number 1012 Willoughby avenue were in fact smaller than the dimensions thereof specified in the contract, either to the extent indicated in the deed, or to any extent; nor was there any statement or claim that an actual survey had been made whereby it appeared that the dimensions had been overestimated."

This language of the court was inspired by, and correct in view of, the language of the contract, which provided that the dimensions of the lot whose sale gave rise to that case should be "subject to a state of facts as a survey may show"; and the decision in the Raben Case was therefore to the effect that, in the absence of proof as to what state of facts was shown by a survey provided for in the contract, the vendee was not bound to take a deed which described substantially less land than the contract, even though the lot was also described by street and number. In the case at bar, the contract is silent in respect to any survey and contained no similar condition.

The judgment must therefore be reversed, and a new trial ordered, costs to abide the event. All concur.