[Civ. No. 4386. First Appellate District, Division One.—March 15, 1923.]

# FRANK H. HARDER, Respondent, v. CLIFFORD S. ALLRED, Appellant.

[1] VENDOR AND VENDEE—SALE OF CITY LOT—DEFICIENCY IN QUANTITY—VIEW OF PREMISES BY VENDEE.—Where the contract for the sale and purchase of a city lot calls for a frontage of twenty-five feet, the purchaser is not bound to accept a lot having a frontage of only twenty-four feet; and the fact that he was taken upon the premises and had the boundaries pointed out to him will not preclude him from complaining of such defect in quantity.

[2] ID.—PROCURING OF MORTGAGE—UNCERTAINTY OF CONTRACT—SUFFICIENCY OF TENDER.—A provision in a contract for the sale and purchase of a city lot which recites "cash above a first bank mortgage to be raised of about $3,500," is indefinite both in respect to the amount and as to the party who is to procure it and, therefore, cannot be enforced; and where the evidence shows that plaintiff offered to pay the balance of the purchase price over and above that amount, upon the removal of certain specified encumbrances, the trial court was justified in finding that plaintiff offered to perform all conditions on his part to be performed, including a tender.

[3] ID.—SUFFICIENCY OF TENDER—WAIVER OF OBJECTIONS.—Defendant having made no objection to the sufficiency of the tender, and he having made no effort to remedy the defects in the title, he waived any objections to the sufficiency of the tender.

[4] ID.—FAILURE OF PERFORMANCE BY VENDOR—EXAMINATION OF TITLE—REFUND OF COSTS.—Upon the failure of defendant to comply with his contract of sale, plaintiff was entitled to recover not only the moneys he had paid on account of the purchase price of the property, but also the costs incurred in making an examination of the title.

[5] ID.—PLEADING—ACTION TO RECOVER MONEYS PAID—RIGHT TO LIEN.—Where a vendor fails to comply with his contract of sale, and the vendee sues both the vendor and his agent to recover the moneys paid to the latter on account of the purchase price and the costs incurred in making an examination of the title, the vendee is entitled to a lien upon the land as security for the repayment of the moneys, either under a count in *assumpsit* for

1. Tender of less than quantity of land contracted for as ground for rescission by purchaser, note, Ann. Cas. 1916D, 1154.

money had and received or under a count setting forth the facts upon which he relies for a recovery; and a demurrer by the defendant vendor on the ground of misjoinder of causes of action where the vendee declares upon both such counts is properly overruled.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

I. M. Peckham for Appellant.

S. Joseph Theisen for Respondent.

TYLER, P. J.—Action to rescind a contract for the purchase of certain real estate and to recover money paid as a deposit in part payment thereon.

The complaint is in two counts. The first is one in *assumpsit* for money had and received. The second sets forth at length the facts upon which the alleged obligation arose.

From the evidence it appears that plaintiff paid to defendants under a written contract the sum of $500 as deposit and part payment upon certain real property, consisting of a lot of land, together with a dwelling-house situated thereon, located at the northeast corner of Forty-fourth Avenue and Geary Street, San Francisco. The full consideration was the sum of $7,750. As to the terms of payment the agreement recited that "cash above a first bank mortgage to be raised of about $3500." The usual customary provisions allowing thirty days to examine title and consummate sale and further time to cure any defects, and if not so cured deposit to be returned, were incorporated in the agreement.

Upon the execution of the contract plaintiff ordered a search of the title and a survey of the property at an expense of $50 for the search and $25 for the survey. The report upon these matters disclosed that the lot was encumbered by a deed of trust, and also that the house and lot were only twenty-four feet in width instead of twenty-five, as the contract called for, and that an adjoining house overlapped on the twenty-five feet frontage about twelve inches

for a length of some thirty-eight feet. Within the time provided for in the contract respondent caused to be served upon defendants written notice specifying these objections, but they failed to cure the defects or remove the encumbrance. Plaintiff thereupon tendered in writing the payment of the remainder of the contract price and demanded a conveyance of the property free from all defects. Upon failure of appellant to comply therewith respondent demanded the return of his deposit and expenses, and thereafter brought this action to recover the same. Judgment went in his favor for the sum of $575, the amount of his deposit and cost of the search and survey.

The main ground relied upon for reversal is that the evidence fails to support the findings of the trial court to the effect that the title to the property was defective by reason of a lack of proper dimensions of the lot and the overlapping of the contiguous building. [1] In this respect it is claimed that the evidence clearly shows that the block within which the property is situated had been subdivided by the construction of houses and division fences, and that the house and lot as shown to plaintiff was a twenty-four foot lot; that he was taken upon the premises and was told that the line of the adjoining house was the line of his lot. From these circumstances it is contended that plaintiff having inspected the property purchased, and having had the boundaries pointed out to him, he could not be heard to object to a defect in quantity.

We see no merit in this contention. The contract called for a lot with a frontage of twenty-five feet, and plaintiff was not bound to accept one of smaller dimensions. A purchaser is entitled to the quantity of land for which he has bargained, and if the vendor is unwilling or unable to give it to him he is under no obligation to complete the contract (2 Warvelle on Vendors, sec. 832). This rule is somewhat qualified with reference to a sale of urban property under certain circumstances, when such property is described as containing an estimated number of acres. No such question, however, is here involved, and a discussion of it is not necessary. In the case of a city lot a deficiency in quantity of even a few inches has been held to be material and to be a sufficient reason for the vendee to reject the title (*Klim* v. *Sachs,* 102 App. Div. 44 [92 N. Y. Supp. 107]; *Floeting*

v. *Horwitz,* 120 App. Div. 492 [104 N. Y. Supp. 1037];
*Sears* v. *Stinson,* 3 Wash. 615 [29 Pac. 205]; *Siebel* v.
*Cohen,* 54 N. Y. Super. Ct. 436).

Nor does the fact, as claimed, that the plaintiff viewed
and inspected the premises and had the lot pointed out to
him preclude him from complaining of a defect in quantity.
A vendor cannot escape responsibility by showing that the
purchaser might have ascertained that such representations
were untrue (*Morris* v. *Courteney,* 120 Cal. 63 [52 Pac. 129];
*Taber* v. *Piedmont Heights Building Co.,* 25 Cal. App. 222,
230 [143 Pac. 319]). Dimensions of land cannot be seen
with the eye at a glance and can only be ascertained with
accuracy by scientific measurement (*Quarg* v. *Scher,* 136
Cal. 406 [69 Pac. 96]; *Eichelberger* v. *Mills Land Co.,* 9
Cal. App. 629 [100 Pac. 117]). One dealing with an owner
of real property may, therefore, assume that the owner knows
the true boundaries, and he may rely upon representations
to that extent (*Del Grande* v. *Castelhun,* 56 Cal. App. 366
[205 Pac. 18]). Here the record discloses the fact that the
appellants' agent and respondent both testified that there
was nothing about the appearance of the house by which its
exact dimensions could be ascertained.

Upon this subject, therefore, we conclude that the defect
in quantity of the land and the encroachment thereon were
defects in the title which justified the plaintiff in refusing
to accept the conveyance.

[2] Appellant further contends that the finding that
plaintiff offered to perform all conditions on his part to be
performed, including a tender, is against the evidence.
There is evidence to show that the plaintiff offered to pay
the sum of $3,750, said sum being the amount of cash over
and above the first mortgage of $3,500, upon the removal of
the deed of trust which encumbered the property and the
overlapping of the adjoining building. The provision in the
contract which recites "cash above a first bank mortgage to
be raised of about $3500" is indefinite both in respect to the
amount and as to the party who is to procure it. It can-
not, therefore, be enforced (*Buckmaster* v. *Bertram,* 186
Cal. 673 [200 Pac. 610]). [3] In addition thereto defend-
ant made no objection to the sufficiency of the tender, nor
did he make any effort to remedy the defects in the title.
Under these conditions objection is waived (*Kerr* v. *Reed,*

187 Cal. 409 [202 Pac. 142]; *Kofoed* v. *Gordon,* 122 Cal. 314 [54 Pac. 1115]).

[4] Complaint is also made of the action of the court in allowing a recovery of the costs incurred in making an examination of the title, it being claimed that these items were not moneys received by defendant or expended for his benefit for which a recovery might be had. Expenses properly incurred in examining the title to property and in the preparation of the necessary papers are proper charges (*Turner* v. *Reynolds,* 81 Cal. 214 [22 Pac. 546]).

[5] And finally, it is claimed that the trial court erred in overruling the demurrer to the complaint interposed by defendant Allred. In this connection it is urged that there was a misjoinder of causes of action for the reason that the first count was predicated upon a rescission, which was united with an action under the second count to establish a purchaser's lien.

We see no merit in this contention. The cause of action declared upon in both counts is the same. The first is one in *assumpsit* for money had and received, and the other sets forth the facts upon which plaintiff relies for a recovery. Under either count plaintiff was entitled to a lien upon the land as security for the repayment of what he had paid in performance of the contract (*Montgomery* v. *Meyerstein,* 186 Cal. 464 [199 Pac. 800]). In this connection it may be stated that the mere fact that during the trial the lien was waived by plaintiff in no manner affected the situation or changed the character of the action so as to deprive him of a trial by jury. Aside from the fact that this point is raised for the first time upon appeal, defendant expressly waived his right to a trial by jury.

From what we have said it follows that the trial court rightfully concluded that the plaintiff was entitled to a return of his deposit and a refund for his expenses in searching the title, defendant having failed to comply with the terms of his contract.

The judgment is affirmed.

St. Sure, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 14, 1923.