MORRIS F. CLARK, Plaintiff, *v*. GARSON MERINSKY, Defendant.

Supreme Court, Monroe County, December, 1923.

**Vendor and purchaser — specific performance — when vendee may assume premises would be conveyed as described in contract — when vendee will not be required to perform — complaint dismissed and judgment for counterclaim in favor of vendee.**

Where the premises described in a contract to convey were fenced, set off and identified, the vendee has a right to assume that the premises will be conveyed to him as they appeared and were shown to him, and he is not bound to know that the premises as described in the contract did not include all that he was to receive.

Plaintiff in acceptance of defendant's offer to purchase a lot 62 feet wide by 177 feet deep, " more or less," bounded and defined by fences, tendered a deed for a lot 168.08 feet in depth which was refused by defendant because of variance. In an action for specific performance the plaintiff, making no claim of inability to comply fully with the contract, urged that he be excused from performing what he undertook to do though insisting that he had established that which made him abundantly able to do so. *Held*, upon dismissing the complaint, that defendant was entitled to judgment upon his counterclaim asking a return of earnest money.

ACTION for spec fic performance.

*William MacFarlane*, for plaintiff.

*Harry Rosenberg*, for defendant.

THOMPSON, J. To fulfill his signed " acceptance " of defendant's purchase offer for " property situate on the west side of Plymouth Ave., in the City of Rochester, County of Monroe and State of New York, known as house Nos. 233–235 and also three apartments in the rear and known as Nos. 1–2–3 Plymouth Terrace

\* \* \* size of lot 62 feet (width) by 177 feet (depth) more or less," plaintiff tendered a deed for a lot 168.08 feet in depth. Here he asks that equity compel defendant to accept such conveyance; claiming that he has thereby discharged his contract obligation to all substantial and material effect.

The lot is bounded and defined by fences. It has a depth of 184.08 feet, which includes part of an abandoned alleyway 16 feet in width, also, and for more than twenty years, inclosed by the lot fences. The deed tendered conveys only to the edge of the alley; thus omitting the 16 feet, so called, alley part of the lot, and failing to carry the 177-foot depth mentioned in the contract, by 8.92 feet. Plaintiff claims this to be an immaterial and unsubstantial discrepancy when viewed in the light of the meaning of the words " more or less " found in the contract. Defendant refuses to accept the deed because of this variance, resists a decree, and asks return of the earnest money.

While plaintiff claims (and it is not difficult to conceive, *Simis* v. *McElroy*, 160 N. Y. 156) that title to this sixteen-foot portion of the lot has vested in him by adverse possession, he cannot urge such a consideration here because he has not tendered, nor does he offer here, a deed including it.

The parties intended the sale of this whole property, which includes the 16-foot piece. It was all fenced in as one whole, distinct and well-defined parcel, and so understood by the parties when the contract was signed. The term " 177 feet, more or less," was meant to apply to the depth of the whole lot pending actual measurements. Defendant was not bound to know that the description of the premises in the contract did not include all the land he was to receive. He had a right to assume it would convey the premises as they appeared and were shown him, fenced, set off and identified as they were. *Beardsley* v. *Duntley,* 69 N. Y. 577.

Plaintiff does not claim inability to comply fully with his contract, but rather urges he be excused from performing what he undertook to do, though at once insisting that he has established that which makes him abundantly able to do so. If he had shown inability to perform equity might, with the consent of the vendee, decree a specific performance so far as possible, awarding compensation to the purchaser by way of abatement from the purchase price for the deficiency. *Bostwick* v. *Beach,* 103 N. Y. 414.

But it cannot be said, as matter of law, that a deficiency of 8.92 feet in depth of a lot on a city street sold to be 62 feet wide by 177 feet deep, " more or less," for the sum of $13,000, standing alone, is an immaterial variance (*Beardmore* v. *Barry,* 118 App. Div. 334; affd., 193 N. Y. 639) or a " slight discrepancy." *Floeting*

v. *Horowitz*, 120 App. Div. 492. And taken with the " reasonable doubt " (*Chesebro* v. *Moers*, 233 N. Y. 75, 81) whether the back of the lot may be subject to use as a public alley or other unknown purpose, it cannot be held in this case (and this is the test) that, had these things been known, the contract would still have been entered into. *Stokes* v. *Johnson*, 57 N. Y. 673.

But these considerations may not be invoked by plaintiff here, he claiming no inability to perform his contract as made, and there being thus no occasion for equity to intervene.

Upon the pleadings, the testimony and the submission, there is a failure to establish facts, by any application of which reasons may be found in equity to grant plaintiff the relief he applies for. Upon the whole case he does not bring himself within the rules that obtain when one seeks the favor of the court. 10 R. C. L. 419; 27 id. 331.

The complaint is dismissed, and defendant is awarded judgment upon his counterclaim, with costs.

Submit findings and judgment on consent or notice.

Judgment accordingly.