KATHERINA VON BARGEN, Plaintiff, *v.* ISADORE J. GINSBERG, Defendant.

Supreme Court, Kings County, February 13, 1926.

**Vendor and purchaser — contract describing property by location and dimensions constitutes specific identification of parcel notwithstanding property actually was of different dimensions — deed describing property as it actually exists deemed sufficient compliance with contract — plaintiff entitled to specific performance.**

A land contract wherein the property to be sold is described as " Property known as and by the street number 1441 Bedford Avenue, being an eight family brick and stone apartment building on lot about 33 x 95, irregular " constitutes a specific identification of the property notwithstanding the fact that the parcel is of different dimensions. The words " being an eight family   *   *   *   building *   *   * " are used merely for the purpose of further identification of the property rather than to represent the approximate dimensions thereof: there-

fore, a tender of a deed describing the property as it actually exists is a sufficient compliance with the terms of the contract, and plaintiff is entitled to a judgment for specific performance of said contract.

While a material variance constitutes a misrepresentation, that question will not be considered here, where there is no claim of fraud.

ACTION for specific performance of a contract to purchase real estate.

*Meier Steinbrink,* for the plaintiff.

*Kessler & Forst* [*Herman S. Bachrach* of counsel], for the defendant.

HAGGARTY, J.   The property is located in Kings county and is described in the contract as " Property known as and by the street number 1441 Bedford Avenue, being an eight family brick and stone apartment building on lot about 33x95, irregular."

The property 1441 Bedford avenue is actually thirty-three feet one and three-quarters inches on Bedford avenue by ninety-eight feet five and three-quarters inches in depth on the southerly side, fourteen feet one and one-half inches in the rear, and ninety-three feet and ten inches deep on the northerly side.   The sole question involved is whether or not the tender of a deed describing the property as it actually exists is a sufficient compliance with the terms of the contract.   In my opinion it is.   The words " Property known as and by the street number 1441 Bedford Avenue " constitute a specific and unmistakable identification of the property to be conveyed, whatever may be its dimensions.   The words following " being an eight family brick and stone apartment building on lot about 33x95, irregular " are used, not to represent the dimensions or approximate dimensions of the property, but merely for the purpose of further, though unnecessary, identification. The well-established rule as to a sale in bulk is to be applied to this contract.   (*Faure* v. *Martin,* 13 Barb. 394; affd., 7 N. Y. 210; *Nolan* v. *Harned,* 13 App. Div. 155.)   In the case last cited (at p. 158) the court holds that the contract there being considered was to convey, not the plot of land described by metes and bounds, but two houses and lots designated by street numbers.   The case of *Raben* v. *Risnikoff* (95 App. Div. 68) is cited by the defendant in support of his contention that the plaintiff was unable to deliver a deed in accordance with the terms of the contract.   The plaintiff attempts to distinguish it, and contends in the brief submitted that it has no application here, for the reason that the contract involved in that litigation contained a fairly complete statement of the dimensions of the property, and that reference to the property by street numbers was secondary.   In my opinion, this case supports the plaintiff's contention.   As I read it, the vendee there would

have been required to accept a lot of less dimensions than called for by the specific reference to the dimensions if the vendor had proved that the property designated by the street number was in fact " smaller in area."

While it is true that a material variance might constitute a misrepresentation ( *Urbach* v. *Pye*, 124 App. Div. 587; *Paul* v. *Swears*, 138 id. 638, 641), there is no claim of fraud in this case.

Judgment for the plaintiff.