Katherina Von Bargen, Respondent, *v.* Isidore J. Ginsberg, Appellant.

Second Department, December 3, 1926.

**Vendor and purchaser — action by vendor for specific performance — defense that quantity of land contracted for was more than quantity tendered — contract described property by street number and " on lot about 33x95 irregular "— actual dimensions were different from those specified — dimensions are important — word " irregular " does not cover wide variation — actual dimensions not fair compliance with stipulated dimensions.**

In an action by a vendor to compel the specific performance of a contract for the sale of real property in Brooklyn, the vendor is not entitled to judgment, since it appears that while the property was described in the contract by street number, it was also described as being " on lot about 33x95 irregular," and the actual dimensions were thirty-three feet one and one-quarter inches in width on one end and fourteen feet and one and one-half inches on the other, and ninety-three feet ten inches in depth on one side and ninety-eight feet five and three-quarters inches on the other.

The contention by the plaintiff that the sale was in bulk of a certain specified lot and building described by the said number and that the dimensions given were unimportant, cannot be sustained, for on the sale of a city lot the dimensions actually stipulated for are important and the lot tendered must be substantially of the dimensions specified in the contract. The difference in this case is so great as to justify the defendant in his refusal to carry out the contract.

The word " irregular," used in giving the dimensions of the lot, will not be construed to cover so wide a variation as in the present case.

Appeal by the defendant, Isidore J. Ginsberg, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 1st day of March, 1926, upon the decision of the court rendered after a trial at the Kings Special Term, requiring the defendant to accept a deed of real property in an action brought for specific performance.

*Herman S. Bachrach* [*Clarence G. Bachrach* with him on the brief], for the appellant.

*Harold M. Kennedy* [*Meier Steinbrink* with him on the brief], for the respondent.

Kapper, J. On August 14, 1925, the plaintiff, as vendor, and defendant, as vendee, entered into a contract for the sale of real property on Bedford avenue, Brooklyn, for a consideration of $27,000. Apart from a statement of the rentals derived from various parts of the premises, the only description of the property

35

is stated in the contract, as follows: " all that lot or parcel of land, with the buildings and improvements thereon, in the Borough of Brooklyn, County of Kings, City and State of New York, property known as and by the Street number 1441 Bedford Avenue, being an eight family brick and stone apartment building on lot about 33x95 irregular."

On the trial it was shown, by actual survey, and the fact is conceded, that the dimensions of this plot were thirty-three feet one and one-quarter inches fronting on Bedford avenue, ninety-three feet ten inches in depth on the northerly side, ninety-eight feet five and three-quarter inches in depth on the southerly side, both north and south dimensions tapering to the rear where the width was but fourteen feet one and one-half inches. The sole question presented at the trial, as well as on this appeal, is whether or not the quantity of land which the plaintiff is actually enabled to convey is a compliance with the contract. Upon the effort to close the title, defendant asserted that the quantity of land offered did not correspond with that which was bought, namely, a lot thirty-three by ninety-five; defendant further objecting that plaintiff was endeavoring to convey to him " something like 600 square feet less than what I thought I was getting." The learned court at Special Term held that the street number specified in the contract stated " a specific and unmistakable identification of the property to be conveyed, whatever may be its dimensions," and that the further description of the size of the lot was " merely for the purpose of further, though unnecessary, identification," and that the " rule as to a sale in bulk is to be applied to this contract." (*Von Bargen* v. *Ginsberg*, 126 Misc. 702.)

The case of *Faure* v. *Martin* (7 N. Y. 210), relied on by the learned Special Term in support of the sale " in bulk " rule, does not seem to me to be either in point or controlling. There the sale was of farm lands represented to be ninety-six acres " more or less," and the case as an authority, in so far as it held that the vendee was obliged to pay the total consideration named where there was but eighty-six acres in fact, seems to have been seriously shaken in *Wilson* v. *Randall* (67 N. Y. 338, 342). However that may be, the sale " in bulk " rule, as ordinarily applicable to the sale of acreage, does not apply to the sale of a single city lot. " In the purchase of a city lot, the quantity of space can seldom be accurately described by visible metes and bounds, as may be done in the case of the purchase of a tract of farm land. The usual and only accurate and reliable mode of measurement of a city lot is by feet and inches and this measurement is the proper description, and that by which the parties to the contract must

have intended to be bound, for the difference of a few inches more or less in the lines within which a city lot is bounded, might cause a difference in pecuniary value exceeding that of acres of farm land." (*Siebel* v. *Cohen,* 54 N. Y. Super. Ct. [22 J. & S.] 436, 437.)

We are not without authority that a sale of a city lot describing the property by street name and house number with dimensions added showing the quantity of land to be conveyed, is a sale of the quantity of land as stated, and that this quantity cannot be substantially or materially lessened in the actual conveyance, or the description of the quantity ignored and the sale regarded as of that house and lot by the street and number described irrespective of the material and substantial shortage in the quantity of land.

In *Raben* v. *Risnikoff* (95 App. Div. 68) the contract described the property by street number, adding the dimensions of the lot as being thirty-two feet front and rear by one hundred feet in depth on each side. The deed offered in fulfillment of the contract purported to convey a lot thirty-one feet and three inches front and rear instead of thirty-two feet, and ninety-five feet in depth instead of one hundred feet. It was said (per WILLARD BARTLETT, J., writing for this court): " A reduction of nine inches in the width and five feet in the depth of a city lot, the purchase price of which was $5,450, would have a very substantial effect upon the value received by the purchaser, ' for the difference of a few inches more or less in the lines within which a city lot is bounded, might cause a difference in pecuniary value exceeding that of acres of farm land.' (*Siebel* v. *Cohen,* 22 J. & S. 436.) "

In *Floeting* v. *Horowitz* (120 App. Div. 492), following *Raben* v. *Risnikoff* (*supra*), there was a contract of sale under the following description: " Being known as Seventy-one Pineapple Street, in the Borough of Brooklyn, New York City, same having a frontage of Twenty-seven feet six inches on Pineapple Street, with a depth of about One hundred and one feet." The deed tendered described the premises on the street as a frontage of twenty-seven feet and one and one-half inches. It was held by this court (HOOKER, J., writing) that the quantity described in the deed was materially less than the contract specified and that the purchaser was not obliged to accept the title offered.

*Siebel* v. *Cohen* (*supra*) was also the case of a sale by street and house number, together with dimensions stated as twenty-four feet eight and one-half inches front and rear by ninety-seven feet six inches in depth, the fact being that there was only a frontage of twenty-four feet three inches. In that case the purchaser was also freed from the obligation of accepting because of substantial

variance. (See, also, *Clark* v. *Merinsky*, 122 Misc. 168.) In all of the cited cases involving sales of a single city lot the dominant or controlling factor was the dimensions or quantity of land and the house and street number was regarded as locative merely.

If there be any distinction between the cases cited and the one at bar because of the use in the contract here of the word " irregular " following the figures " 33x95," I do not think that the actual dimensions of this plot constitute a substantial or fair compliance with the dimensions stipulated. " Irregularity " in a city lot thirty-three by ninety-five feet ought not to go to the extent of holding the proposed conveyance of the plot here offered as meeting the terms of this contract.

I advise that the judgment be reversed upon the law and the facts, with costs, and that judgment be directed for the defendant dismissing the complaint upon the merits, and that the findings and conclusions of law inconsistent herewith be reversed, and that new findings and a conclusion of law, in conformity herewith, be made, to be settled on notice.

KELLY, P. J., JAYCOX, YOUNG and LAZANSKY, JJ., concur.

Judgment reversed upon the law and the facts, with costs, and judgment directed for the defendant dismissing the complaint on the merits. Findings of fact and conclusions of law inconsistent herewith reversed, and new findings of fact and a conclusion of law in conformity herewith to be made. Settle order on notice.