Samuel Sandberg et al., Respondents, *v.* Margold Realty Corporation, Appellant.

(Submitted April 15, 1931; decided May 12, 1931.)

*H. Louis Jacobson* for appellant. The specific description of the dimensions upon the filed map, incorporated in the contract, is controlling. (*Champion* v. *White*, 5 Cow. 509; *Mann* v. *Pearson*, 2 Johns. 37.) The deed tendered to the purchasers was a substantial and fair compliance with the description in the contract. (*Von*

*Bargen* v. *Ginsberg,* 218 App. Div. 545; 245 N. Y. 647; *Siebel* v. *Cohen,* 54 N. Y. Super. Ct. 436; *Raben* v. *Risnikoff,* 95 App. Div. 68; *Floeting* v. *Horowitz,* 128 App. Div. 492; *Urbach* v. *Pye,* 124 App. Div. 587; *Friedman* v. *Baron,* 223 App. Div. 851; 250 N. Y. 552.)

*Lewis Epstein* and *Saul B. Bradie* for respondents. The actual dimensions, area and shape of the plot offered in the deed tendered by defendant to plaintiffs are not a compliance with the contract. (*Baucher* v. *Stewart,* 136 App. Div. 844; *Von Bargen* v. *Ginsberg,* 218 App. Div. 545; 245 N. Y. 647; *Oakes* v. *DeLancey,* 133 N. Y. 227; *Watson* v. *City of New York,* 67 App. Div. 573; *Raben* v. *Risnikoff,* 95 App. Div. 68; *Floeting* v. *Horowitz,* 120 App. Div. 492; *Urbach* v. *Pye,* 124 App. Div. 587.) The express representation contained in the contract is binding on defendant and qualifies the reference in the contract to the filed map. (*Von Bargen* v. *Ginsberg,* 218 App. Div. 545.)

CRANE, J. The variances in the dimensions of lots in The Bronx purchased by the plaintiffs from the defendant have resulted in a judgment in this case giving back to the plaintiffs their $1,000 first payment on the purchase price.

The contract of sale described these vacant lots by reference to a map on which they were delineated and also by approximate measurements. The wording is:

" WITNESSETH, that the seller agrees to sell and convey, and the purchasers agree to purchase all that certain plot, piece or parcel of land, situated, lying and being in the Borough of Bronx, County of Bronx, City and State of New York, known and designated as Lots No. 879 and 880, 881 and 882, on a map entitled ' Map of 1669 lots held by the Farmers Loan and Trust Co. as trustee under trust created by William Waldorf Astor, situated at Westchester, Tremont, Morris Park, Metcalf and St. Lawrence Aves., East 172nd Street, East 174th Street,

East 178th Street and East 180th Street, and intersecting streets and avenues, Borough of Bronx, City of New York,' made by George C. Hollerith the 22nd day of May, 1922, and filed in the office of the Register of Bronx County on the 14th day of June, 1922, Section 1 of said map being filed as Map No. 588, Section 2 of said Map being filed as Map No. 589, and Section 3 of said Map being filed as Map No. 590.

" Said premises being the northeast corner of Westchester & Rosedale Ave., and being approximately 100' by 100'.

" The purchase price is fifty-five thousand dollars ($55,000.00), payable as follows:

" $1,000.00 on the signing of this contract, the receipt whereof is hereby acknowledged. * * * "

The other terms may be omitted.

A reference to this map filed in the Register's office of Bronx county as late as March 22, 1922, would have shown and probably did show the exact size and shape of lots Nos. 879, 880, 881 and 882 which the plaintiff undertook to buy. There were no buildings or structures on the property or fences which might mislead one in looking at the physical situation. It was vacant open land. The fact that in giving the measurements of " 100' by 100' " in the contract the figures were not used with exactness indicating that a square of that dimension was to be conveyed but that the size was an approximation suggested to the purchaser that there would be or might be variances. We start the consideration of this case with the understanding between the parties that the property might not be an exact square as one side might be shorter than another. A variance, therefore, in dimensions is not vital or controlling. The map showed that this plot of ground is on the corner of Rosedale avenue and Westchester avenue in The Bronx. On Rosedale avenue, or the westerly side, the lot is 106.91 feet; on Westchester avenue, or the south, it is 101.78 feet; on the north, which

does not face a street, it is 100 feet; and on the east, which does not face a street, it is 87.98 feet. The lot, therefore, is not a square, 100 feet by 100 feet, but has more than 100 feet on the street sides, and is short of 100 feet on the east. The deficiency in square feet amounts to 255½ square feet.

If the parties in making this contract for vacant land intended to convey a square plot " 100' by 100' " the lengthy paragraph referring to the map was unnecessary, and the doubt as to measurements would not have been expressed by the word " approximately." The uncertainty as to the exact measurements shows that the reference to the map was for a purpose. As the map showed the exact measurements and the particular shape of the lots it is reasonable to assume that the parties were contracting with reference to the map and to measurements which approximated, approached or came near to 100 feet on all sides. On two sides the measurements exceeded 100 feet; on one side the length was 100 feet; while on only one side did the measurement fall to 87.98 feet.

Real estate contracts, like wills, involve different circumstances and conditions and, in most instances, different descriptions. Each case must be judged on its facts; in consequence, prior cases are authority only in so far as they enunciate a principle of law, or deal with similar facts. For instance, in *Friedman* v. *Baron* (223 App. Div. 851; affd. in this court, 250 N. Y. 552) and *Von Bargen* v. *Ginsberg* (218 App. Div. 545; affd. in this court, 245 N. Y. 647) there is no reference in the contract to a sale of lots, shaped and measured on a map recently filed.

The tender of a deed conveying the property according to the map was in our judgment a substantial compliance with all the terms and conditions of the contract of sale. The plaintiff must be held bound thereby.

The judgment of the Appellate Division should be

reversed, and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.