21st Mtge. Corp. v George (2024 NY Slip Op 50797(U))

[*1]

21st Mtge. Corp. v George

2024 NY Slip Op 50797(U)

Decided on June 6, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 6, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2023-632 S C

21st Mortgage Corporation, Respondent,
against
Eslin George, Appellant, et al., Undertenants. 

Michael Kennedy Karlson, for appellant.
Taroff & Taitz, LLP (John J. Ricciardi of counsel), for respondent.

Appeal from a final judgment of the District Court of Suffolk County, Second District (Garrett W. Swenson, Jr., J.), entered May 16, 2023. The final judgment, after a nonjury trial, awarded petitioner possession in a summary proceeding brought pursuant to RPAPL 713 (5).

ORDERED that the final judgment is affirmed, without costs.
Petitioner commenced this summary proceeding pursuant to RPAPL 713 (5) based upon a referee's deed dated January 9, 2019, which it had obtained after a foreclosure sale. At a nonjury trial, a judgment of foreclosure and sale, which included the metes and bounds description (legal description) of the property at issue, as well as the correct address of the property, and the recorded district, section, block, and lot numbers, was admitted into evidence. A certified copy of the referee's deed was also admitted into evidence, and the legal description of the property, as well as the district, section, block and lot numbers set forth in the deed were identical to the ones in the judgment of foreclosure. The only discrepancy between the judgment of foreclosure and the deed was the street number listed in the property's address. Respondent, a former owner of the property, argued that petitioner failed to exhibit a proper deed to respondent in compliance with RPAPL 713 (5), since the deed that was exhibited to respondent listed an incorrect street number in the address. Respondent also claimed that the notice to quit was defective for failing to advise respondent how to surrender possession of the premises, in that it did not inform her when and where or to whom she should return her keys. In a final judgment entered May 16, 2023, the District Court awarded petitioner possession.
Contrary to respondent's contention on appeal, the fact that the deed that was exhibited to her listed an incorrect address does not mean that petitioner failed to comply with the deed exhibition requirement set forth in RPAPL 713 (5). RPAPL 713 (5) merely requires that "the deed" for the foreclosed property be exhibited to respondent. Here, the deed exhibited to respondent contained the same legal description, district, section, block and lot numbers as the judgment of foreclosure, thereby indicating that the deed was for the property formerly owned by respondent. The error in the street number in the address did not render the deed invalid; rather, [*2]the legal description of the property at issue controls in the event "there is a discrepancy between the street address and the legal description of a piece of real property" (Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp., 219 AD2d 186, 190 [1996]; see U.S. Bank N.A. v Jalas,195 AD3d 1122, 1123, 1125 [2021]; SRP 2012-5, LLC v Corrao, 167 AD3d 798, 799-800 [2018]; Von Bargen v Ginsberg, 218 App Div 545, 547-548 [1926], affd 245 NY 647 [1927]). Consequently, the District Court did not err in concluding that "the deed" for the subject property was exhibited to respondent.
There is no merit to respondent's other contention, that petitioner's notice to quit was defective for failing to advise respondent as to how she was to surrender possession of the premises. RPAPL 713 (5) does not impose any requirements as to the contents of the notice to quit (see Washington Mut. Bank, F.A. v Hanspal, 18 Misc 3d 127[A], 2007 NY Slip Op 52375[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; Helping Out People Everywhere v Deich, 160 Misc 2d 1052, 1054 [App Term, 2d Dept, 9th & 10th Jud Dists 1994]). As the notice advised respondent that she had 90 days to vacate the premises or petitioner would commence a summary proceeding to remove her, and provided contact information for petitioner, including its mailing address, phone number, and email address, the notice was "reasonable[] in view of the attendant circumstances" (Oxford Towers Co., LLC v Leites, 41 AD3d 144, 144 [2007]; see Great Jones St. Realty Corp. v Chimsanthia, 67 Misc 3d 136[A], 2020 NY Slip Op 50547[U], *1 [App Term, 1st Dept 2020]).
Accordingly, the final judgment is affirmed.
GARGUILO, P.J., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 6, 2024