[Civ. No. 3796. First Appellate District, Division Two.—January 31, 1922.]

F. DEL GRANDE, Respondent, v. F. C. CASTELHUN, as Executor, etc., Appellant.

[1] VENDOR AND VENDEE—PURCHASE OF REAL PROPERTY—FRAUD—RESCISSION OF CONTRACT—FINDINGS—CONFLICTING EVIDENCE—DAMAGES.—Where in an action to rescind a contract for the purchase of a lot on the ground of alleged false representations as to boundaries it is found on conflicting evidence that the representations were made, the plaintiff is entitled to damages at least to the amount of payments made.

[2] ID.—REPRESENTATIONS AS TO BOUNDARIES—RIGHT OF RELIANCE.—
One dealing with the owner of real property may assume that
he knows the true boundaries and may rely on his representations
to that extent.

APPEAL from a judgment of the Superior Court of San
Mateo County.  George H. Buck, Judge.  Affirmed.

The facts are stated in the opinion of the court.

F. J. Castelhun for Appellant.

Harold R. McKinnon for Respondent.

NOURSE, J.—Plaintiff sued to rescind a contract for
the purchase of a certain lot of land from defendant as
executor of the estate of Engler.  Rescission was founded
on alleged false representations made to plaintiff's agent
relating to the boundaries of the land.  The lot was de-
scribed merely by number and block on a recorded map.
A fence was maintained on the premises which inclosed
land used by Engler in addition to his own lot.  Plaintiff's
agent made a personal inspection of the premises, notified
defendant that he desired the land within the fence, and
inquired if the boundaries of the lot covered the land in-
closed by the fence.  Defendant assured him that they
did, and when this representation was discovered to be
false plaintiff rescinded the contract of purchase and brought
this action to recover the portion of the purchase price paid.
He had judgment, from which defendant appeals.

[1]  The trial court found upon conflicting evidence that
the false representations were made as alleged.  This being
so, it follows that plaintiff was entitled to damages at least
to the amount of the purchase price he paid.

Several grounds are argued on appeal affecting the rulings
of the trial court on the demurrer, motion to strike out
portions of the complaint, and on the admission of evidence.
The cause was fairly tried and none of these objections
require consideration.

On the merits of the case, it is said that the evidence is
insufficient to support the finding of fraud because there
is no showing of a confidential relation between the parties
or of appellant's knowledge of the falsity of the represen-

tations. Under the particular circumstances it was not necessary to show either. [2] One dealing with the owner of real property may assume that he knows the true boundaries and may rely on his representations to that extent.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 30, 1922.

All the Justices concurred except Waste, J., who was absent.