[L. A. No. 11407. In Bank.—November 23, 1932.]

CONSOLIDATED RESERVOIR & POWER COMPANY (a Corporation), Appellant, v. ROBERT R. SCARBOROUGH et al., Respondents.

James Farraher for Appellant.

Lawler & Degnan and Scarborough & Bowen for Respondents.

WASTE, C. J.—This is an appeal from a judgment entered upon an order sustaining demurrers to the second amended complaint without leave to amend.

The action sounds in fraud, and has for its purpose the recovery of certain damages and properties which it is averred the plaintiff has respectively suffered and lost by reason of an asserted fraudulent conspiracy between the defendants. The alleged fraudulent transactions of which complaint is made occurred in 1924. This action was commenced more than four years thereafter. In brief, the second amended complaint alleges that the plaintiff corporation was the owner of certain described real and personal properties of a designated value; that in the year 1924 this property was diverted from and lost to the plaintiff by reason of a fraudulent scheme and conspiracy between the defendants by means of which conspiracy the properties described were improperly employed to cover and satisfy the defalcations of one of the defendants in a matter in which the plaintiff corporation had no interest or connection; that this result was accomplished by means of false and fraudulent representations being made to the board of directors of the plaintiff corporation by three of the defendants who were then members of said board; that it was falsely represented to such board that the property was being used to care for certain debts of the corporation; that in furtherance of such conspiracy and in order to conceal the fraudulent character of the transactions leading up to the dissipation of the plaintiff's properties, the defendants caused the minutes of the meetings of the board of directors, at which these transactions were consummated, to remain silent thereon; "that the fraud hereinabove alleged was not discovered until on or about the first day of August, 1928, for the reason that the minutes of the said meetings of the said Board of Directors fail to disclose the transactions or the facts hereinabove alleged, and for the further reason that the defendant directors and said Robert R. Scarborough [who was not a member of the board] concealed the facts hereinabove related from the stockholders of the plaintiff corporation; that the facts hereinabove alleged were not known or discovered by the stockholders of the corporation or the present directors until

an investigation of the affairs of the corporation was made by the present directors on or about August 1, 1928, which revealed the said facts''; and that as a result of such fraudulent conspiracy the plaintiff has suffered damage and loss of a character and to an extent specified in the prayer of the complaint.

To this complaint the defendants demurred both generally and specially. Each demurrer, among other things, raises the bar of the statute of limitations. The trial court sustained the demurrers without leave to amend, whereupon plaintiff prosecuted this appeal.

■ Examination of the complaint satisfies us that it states a good cause of action for damages for fraud. We therefore turn our attention to the proposition of whether or not the action is barred by reason of the running of the period prescribed in section 338 of the Code of Civil Procedure. Subdivision 4 of that section provides that an action for relief on the ground of fraud or mistake must be brought within three years of the time the cause of action accrued, but ''the cause of action in such case [is] not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake''. The rules of pleading governing the statement of a cause of action for fraud committed more than three years prior to the commencement of suit are now well settled. They are admirably stated in the leading case of *Lady Washington C. Co.* v. *Wood,* 113 Cal. 482, 486 [45 Pac. 809], from which we quote:

■ ''The right of a plaintiff to invoke the aid of a court of equity for relief against fraud, after the expiration of three years from the time when the fraud was committed, is an exception to the general statute on that subject, and cannot be asserted unless the plaintiff brings himself within the terms of the exception. It must appear that he did not discover the facts constituting the fraud until within three years prior to commencing the action. This is an element of the plaintiff's right of action, and must be affirmatively pleaded by him in order to authorize the court to entertain his complaint. ■ 'Discovery' and 'knowledge' are not convertible terms, and whether there has been a 'discovery' of the facts 'constituting the fraud', within the meaning of the statute of limitations, is a question of

law to be determined by the court from the facts pleaded. As in the case of any other legal conclusion, it is not sufficient to make a mere averment thereof, but the facts from which the conclusion follows must themselves be pleaded. It is not enough that the plaintiff merely avers that he was ignorant of the facts at the time of their occurrence, and has not been informed of them until within the three years. He must show that the acts of fraud were committed under such circumstances that he would not be presumed to have any knowledge of them—as that they were done in secret or were kept concealed; *and he must also show the times and the circumstances under which the facts constituting the fraud were brought to his knowledge,* so that the court may determine whether the discovery of these facts was within the time alleged; and, as the means of knowledge are equivalent to knowledge, if it appears that the plaintiff had notice or information of circumstances which would put him on an inquiry which, if followed, would lead to knowledge, or that the facts were presumptively within his knowledge, he will be deemed to have had actual knowledge, of these facts."

The following appears in *Wood* v. *Carpenter,* 101 U. S. 135, 140 [25 L. Ed. 807]: "In this class of cases the plaintiff is held to stringent rules of pleading and evidence, 'and especially must there be distinct averments as to the time when the fraud, mistake, concealment, or misrepresentation was discovered, and what the discovery is, so that the court may clearly see whether, by ordinary diligence, the discovery might not have been before made'. . . . A general allegation of ignorance at one time and of knowledge at another [is] of· no effect. If the plaintiff made any particular discovery, it should be stated when it was made, what it was, how it was made, and why it was not made sooner. . . . A party seeking to avoid the bar of the statute on account of fraud must aver and show that he used due diligence to detect it, and if he had the means of discovery in his power, he will be held to have known it. . . . There must be reasonable diligence; and the means of knowledge are the same thing in effect as knowledge itself. *The circumstances of the discovery must be fully stated and proved,* and the delay which has occurred must be shown to be consistent with the requisite diligence."

The foregoing is quoted with approval in *Phelps* v. *Grady,* 168 Cal. 73 [141 Pac. 926]. Other cases recognizing the above principles are: *Original M. & M. Co.* v. *Casad,* 210 Cal. 71, 74, 75 [290 Pac. 456]; *Newport* v. *Hatton,* 195 Cal. 132, 146 [231 Pac. 987]; *Victor Oil Co.* v. *Drum,* 184 Cal. 226, 239–242 [193 Pac. 243]; *Nichols* v. *Moore,* 181 Cal. 131, 132 [183 Pac. 531]; *Galusha* v. *Fraser,* 178 Cal. 653, 657 [174 Pac. 311].

The case last above cited clearly and concisely states the law. It is there declared: "Where the plaintiff sues for relief on the ground of fraud and seeks exemption from the three years period of limitation for the reason that he did not discover the fraud until after it was perpetrated, he must not only show [1] that he did not discover the fraud until within the three years next before the action was begun and [2] that the fraud was committed under such circumstances that he would not be presumed to have had knowledge of it at the time, but [3] *he must also set forth the times and circumstances under which the facts constituting the fraud came to his knowledge so that the court may determine from the allegations of the complaint whether the discovery was within that period.*"

Tested by the rules set down in the cited cases, we are of the view that the complaint in the case at bar is deficient and that the trial court therefore properly sustained the demurrers thereto. It may be conceded that the present complaint satisfies the first two requirements above enumerated in that it alleges that the fraud was *discovered* within three years of the commencement of suit and that it was committed under such circumstances as to preclude any presumption of knowledge on plaintiff's part at the time of its commission. But, as already indicated, the cases recognize and declare the existence of a third essential to a valid and proper pleading in a case of this character, viz., an allegation as to the circumstances surrounding the discovery of the fraud complained of. Such an allegation is necessary in order that the trial court might readily determine whether or not the facts and circumstances leading to the discovery of the fraud existed for more than three years prior to the commencement of suit. It is well settled, of course, that the means of

knowledge are the equivalent of knowledge. (*Victor Oil Co.* v. *Drum, supra; Lady Washington C. Co.* v. *Wood, supra; Bancroft* v. *Woodward,* 183 Cal. 99, 108 [190 Pac. 445].) As stated in the case last above cited, "where a party has knowledge of facts of a character which would reasonably put him upon inquiry, and such inquiry, if pursued, would have led to a discovery of the fraud or other ground for rescission, he will be charged with having discovered the fraud or other ground as of the time he should have discovered it, that is, as of the time when he would have discovered it if he had with reasonable diligence pursued the inquiry when he should have done so."

In the instant case the only allegation touching the third requirement, the circumstances surrounding the discovery of the fraud, is that it was "not known or discovered by the stockholders of the corporation or the present directors *until an investigation of the affairs of the corporation was made by the present directors on or about August 1, 1928, which revealed the said facts.*" For all that appears on the face of the complaint, the facts leading to the inquiry and investigation which uncovered the fraud may have been available to the present board of directors for more than three years prior to the institution of this action. In other words, if, as alleged, an investigation of the affairs of the corporation in 1928 uncovered the fraud complained of, it is entirely conceivable that a similar investigation undertaken prior to the running of the statute might have likewise disclosed such fraud. It was incumbent upon plaintiff to allege the circumstances of the discovery in order that the trial court might determine whether or not the information prompting and leading to the investigation was available to plaintiff for more than three years prior to the institution of this action. The complaint here utterly fails to allege any facts showing why such investigation was not made at an earlier date and, if sooner made, why it would not have disclosed the fraud prior to the running of the period of limitations. True, the complaint alleges the secretive character of the fraud and conspiracy but if, as alleged, an investigation disclosed the same in 1928 it was for the plaintiff to show why it could not have been discovered earlier. Any other conclusion would permit a de-

frauded party, having at all times the means of knowledge at his disposal, to complain of such fraud long after the running of the period of limitations by the simple expedient of alleging that an investigation within three years of the commencement of suit uncovered the fraud. This would place a premium on dilatory tactics and would relieve a party of exercising that diligence required by the law.

We find nothing in *Victor Oil Co. v. Drum, supra,* relied on by plaintiff, that is opposed to the conclusion here announced. As quoted in the plaintiff's opening brief herein the complaint in the Victor Oil Company case alleged ''that said defendants concealed from plaintiff and from all subscribers for stock of plaintiff, other than themselves, at all times during the transaction aforesaid, and at all other times herein mentioned, the existence of a conspiracy and confederation as above alleged and the existence of their aforesaid agreement to divide the sum of $5,000 cash and said 50,000 shares of said purchase price between the defendants and the fact that George Coffin et al. had an interest adverse to plaintiff in the sale of land as hereinabove stated. That plaintiff had no information or knowledge of said conspiracy or agreement . . . or said secret profits or of the division of profits between defendants until the month of December, 1913.'' The decision in that case supports rather than undermines our disposition of the present case for there, as here, it was intimated that the complaint was defective because of its failure to allege the circumstances of the discovery of the fraud. However, inasmuch as the point had *not* there been raised by demurrer,· and the defect had been cured by the evidence adduced upon the trial of the cause, it was held that the defendants had not been misled by the insufficiency of the complaint in this particular. The decision states: ''As to the third requirement, that the circumstances of the discovery be shown, the complaint contains nothing, and it may well be that it was defective in this respect. But the evidence makes it plain that the circumstances under which it was discovered, a revelation of the facts by Drum after an investigation had been set on foot by the then officers of the plaintiff, *did not involve a knowledge of facts upon which the plaintiff could be charged with a discovery prior*

*to the three-year statutory period.* The defendants were not misled by the defect of the complaint, and the situation is, therefore, one where the pleading perhaps is technically lacking, but where there is no lack in the evidence and the opposite party was not misled. In such a situation the error, if there was one, was not prejudicial and is not ground for a reversal.''

Plaintiff can derive but little comfort from *Lightner Min. Co.* v. *Lane,* 161 Cal. 689 [Ann. Cas. 1913C, 1093, 120 Pac. 771], for, unlike the present case, the point now under discussion was not raised by demurrer. The gravamen of that action was an *underground* trespass upon plaintiff's mine. The cause came before the court on its merits. After reviewing the evidence, it was concluded that ''the plaintiff did not discover the trespass, nor did it have any reasonable means of making such discovery, until June 1, 1901, when its own workings encountered the wrongful excavation of the defendants''. The present case is before us on demurrer to the complaint. In the absence of the necessary and material allegation reciting the circumstances surrounding the discovery of the fraud, we cannot say that reasonable means of making such discovery were not available to the plaintiff for more than three years prior to the commencement of this suit.

In *Original M. & M. Co.* v. *Casad, supra,* sufficient was alleged, including the circumstances under which the fraud was discovered, to warrant the conclusion that the facts pleaded, if sustained by the evidence, were adequate in law to excuse the plaintiff therein for failure to earlier discover the fraud complained of.

What we have said makes it unnecessary for us to consider the other grounds of demurrer. Whether the defect in the second amended complaint could be cured by amendment, and whether the court below abused its discretion in sustaining the demurrers without leave to amend, are questions with which we need not concern ourselves. ■
The fact that a demurrer is sustained without leave to amend does not constitute reversible error in the absence of a request or application by the plaintiff for permission to amend. (*Haddad* v. *McDowell,* 213 Cal. 690, 692 [3 Pac. (2d) 550, 552]; *Philbrook* v. *Randall,* 195 Cal. 95, 105 [231 Pac. 739]; *Barker* v. *Freeman,* 85 Cal. 533, 535 [24 Pac.

926].) Plaintiff in the case at bar did not request or make application for permission to amend.

The judgment is affirmed.

Shenk, J., Tyler, J., *pro tem.*, Langdon J., Curtis, J., and Seawell, J., concurred.

PRESTON, J., Dissenting.—I think the complaint sufficient.