[L. A. No. 12850. In Bank.—December 23, 1932.]

KENNETH V. REDPATH et al., Appellants, v. JACK HERMAN AAGAARD et al., Respondents.

64

John O. Bender, John F. Bender and Frederick H. Brock for Appellants.

Stensland & Langford for Respondents.

PRESTON, J.—Appeal from judgment of dismissal entered for defendants after the sustaining, without leave to amend, of their demurrer to plaintiffs' third amended complaint. The sufficiency of the pleading is the sole issue. We shall therefore first set forth the substance of the allegations thereof:

That in April and May, 1914, plaintiffs and defendants entered into a contract to run to patent under the mining laws of the United States a certain lode mining claim situated in the Cleveland National Forest Reserve in Orange County, pursuant to which plaintiff Kenneth V. Redpath, acquired an eleven-sixteenth interest in the claim and defendant, Jack Herman Aagaard, acquired a one-fourth interest

therein and said parties performed the annual assessment work thereon every year from 1914 to 1930, but never made application for a patent thereto. That said claim does not contain within its limits a vein or lode of quartz or other rock in place bearing any mineral and said agreement to secure a patent was for the exclusive purpose of developing the land and impounding the water thereon for a public resort and subdividing the land into lots for sale to the public, without any intention of using the property as a mine. That at the time said contract was entered into defendants misrepresented to plaintiffs that they knew said mining claim contained a vein or lode of quartz or other rock in place bearing mineral and also misrepresented to plaintiffs that they knew the law to be that after the parties obtained their patent to the land, they would have the right to use it for the purposes above mentioned, without using it as a mine, and plaintiffs believed said misrepresentations; that plaintiffs are informed and believe that defendants at said time supposed that they knew the law governing the use of a patented mining claim and apprehended that such law would permit use of the land in the manner above indicated, for other than mining purposes. Plaintiffs further allege that their consent to said contract was given by mistake; that about December 1, 1929, they ascertained that said lode claim did not contain a vein or lode of quartz or other rock in place bearing any mineral and learned for the first time that a mining claim could not be run to patent for the exclusive purpose of developing the land for other than mining uses. Further, plaintiffs allege that on June 2, 1914, pursuant to said contract and for no other consideration, they deeded to defendant Leah Aagaard certain property situated in Los Angeles County from which defendants have received rents over the period from 1916 to 1929 in a sum to exceed $30,000 and have converted the whole thereof to their own use and benefit. That plaintiffs first became aware of their right to rescind said contract about December 1, 1929, and on December 17, 1929, brought an action against defendants for rescission thereof and for the cancellation of the deed of conveyance of said Los Angeles real property; that on May 19, 1930, plaintiffs dismissed said action without prejudice and on the succeeding day instituted this action. The prayer of

the complaint is that said contract be rescinded and declared void; that the Los Angeles property be reconveyed to plaintiffs and that the conveyance thereof to defendants be declared canceled; that defendants account to plaintiffs for rents received by them from said Los Angeles property and for other and further relief.

■ Counsel engage in a widespread discussion not only as to whether the complaint states a cause of action, but also as to the nature of the cause of action attempted to be stated. We need not pause to definitely determine either of these questions, for whether the complaint be for a rescission under section 1688 et seq. of the Civil Code for mistake of fact, mistake of law or fraud or under section 3406, subdivision 2, of the Civil Code for an unlawful purpose in which the plaintiffs are not *in pari delicto* with defendants, it is in any event, when tested for the bar of the statute of limitations, an action for relief on the ground of fraud or mistake within the meaning of section 338, subdivision 4, of the Code of Civil Procedure. And when so tested the complaint on its face is barred by said statute as the allegations of the pleading show no facts constituting the fraud or mistake discovered by them within three years next prior to commencement of the action. This requirement and the nature of the showing that must be made have recently had the attention of this court and need not be further developed at this point. (*Consolidated Reservoir etc. Co.* v. *Scarborough,* 216 Cal. 698 [16 Pac. (2d) 268].)

■ It is our conclusion also that the facts disclosed by the complaint are such that it can be clearly seen that plaintiffs cannot at this time allege a cause of action not barred by the statute. The gravamen of the charge is that the defendants represented that they knew ore in place existed on this claim when they in fact had no such knowledge. Plaintiffs, for approximately sixteen years, have been actively assisting in doing the assessment work required by law on the property. Means of ascertaining the truth of this statement to them have therefore been in their possession at all times since the making of the contract. The further contention that both parties believed the law would permit the location of a mining claim and the perfecting of a patent thereto when it was at all times their

exclusive intention to use the ground for other than mining purposes is also without strength. No concealment or even direct fraud is pleaded. Certainly during this long period it must have occurred to plaintiffs to take some steps to ascertain the correctness of such an assumption. Ordinary concern for one's own rights would have prompted such an investigation.

Plaintiffs' claim is not only outlawed, but it is plainly one where laches, too, would forbid relief. At an early date the Supreme Court of the United States gave this utterance: "The world must move on, and those who claim an interest in persons or things must be charged with knowledge of their status and conditions, and of the vicissitudes to which they are subject." (*Case of Broderick's Will,* 88 U. S. (21 Wall.) 503, 519 [22 L. Ed. 599].) Notwithstanding the ingenious efforts of plaintiffs' counsel to state a present cause of action, it is clear that the decision of the court below that they have not done so was correct.

The judgment is affirmed.

Langdon, J., Curtis, J., Tyler, J., *pro tem.,* Seawell, J., Shenk, J., and Waste, C. J., concurred.