[Civ. No. 4928.   Third Appellate District.—March 14, 1934.]

ADA CORNELIA EDWARDS, Respondent, v. EMILE SERGI et al., Appellants.

Henry C. McPike for Appellants.

Lowell Palmer and J. H. Morris for Respondent.

PULLEN, P. J.—In 1927 plaintiff purchased from defendants 160 acres of land in Napa County. Approximately three and one-half years later she brought this action against defendants for damages for mistake, alleging that a 19-acre tract of timber had been represented by defendants as a part of the 160-acre tract, whereas it was not so contained, and if the particular 19 acres of wooded land had been a part of the larger tract it would have been of a greater value. The jury awarded plaintiff $2,500 as damages therefor.

Appellants by demurrer and answer set up subdivision 4 of section 338 of the Code of Civil Procedure as a bar to the action and now urge that point as ground for reversal.

Plaintiff, in response to an advertisement, communicated with Joseph Sergi, one of the defendants and appellants herein. Thereafter by agreement, plaintiff and defendant Joseph Sergi, who at all times was acting upon behalf of and by authority of appellant Emile Sergi, the undisclosed owner, met and examined the 160-acre tract of land and spent approximately the entire day in viewing the property. Plaintiff had on several occasions told defendant Joseph Sergi she was particularly interested in a wooded tract suitable for summer homes, and defendant Joseph Sergi assured her the place he had was suitable for that purpose. While on the tract plaintiff observed a strip of heavily wooded land lying adjacent to certain orchard lands which defendant Joseph Sergi then represented to plaintiff as being a part of the property included in the deal. Thereafter, plaintiff believing the 19 acres of wooded land was part of the 160-acre tract, purchased the same. In December, 1930, plaintiff caused the tract purchased by her to be surveyed, and then for the first time learned that the 19 acres of wooded land was not embraced in the boundaries

of the properties purchased by her. Appellants insist that the metes and bounds set forth in the deed from Sergi were notice to plaintiff of the location of the land and of the ac'ual land within its boundaries and that she had the means at hand of ascertaining what was embraced in the deed. In support of this appellants cited several cases. In the case of *Bank of Mendocino* v. *Baker,* 82 Cal. 114 [22 Pac. 1037, 6 L. R. A. 833], the court held that an intended purchaser of land who has knowledge of facts sufficient to put him on inquiry as to the existence of some right in conflict with that he was about to purchase was presumed to have made such inquiry, but the vendee there was not in a position where he could rely upon the statements made by the vendor.

Similarly, in *Lady Washington Consol. Co.* v. *Wood,* 113 Cal. 482 [45 Pac. 809] , *Bancroft* v. *Woodward,* 183 Cal. 99 [190 Pac. 445], *Red Path* v. *Aagaard,* 217 Cal. 63 [16 Pac. (2d) 998], and *Consolidated etc. Power Co.* v. *Scarborough,* 216 Cal. 698 [16 Pac. (2d) 268], the court was dealing with situations where a party had knowledge of facts of a character which would reasonably put upon inquiry a prospective purchaser. This is not the situation here confronting us. Appellants knew of the nature of the tract desired by respondent and that she wanted wooded land for summer homes. Appellant Joseph Sergi took plaintiff upon the land and there pointed out a tract thickly wooded and told her it was part of the land for which she was negotiating. It is well established that a person selling his own land is presumed to know the area and boundaries thereof, and if the purchaser suffers damage by reason of any misrepresentation on the part of the owner as to the extent or boundaries thereof the purchaser may recover damages. (*Eichelberger* v. *Mills Land & Water Co.,* 9 Cal. App: 628 [100 Pac. 117] ; *Del Grande* v. *Castlehun,* 56 Cal. App. 366 [205 Pac. 18] ; *Harder* v. *Allred,* 61 Cal. App. 394 [214 Pac. 1017].) So, too, while the record of an instrument is constructive notice of its contents, it is not constructive notice of any mistake contained therein. (*Davis* v. *Wood,* 109 Cal. 186 [41 Pac. 1010, 50 Am. St. Rep. 29] ; *Anderson* v. *Willson,* 48 Cal. App. 289 [191 Pac. 1016].)

It may have been that appellant, Joseph Sergi, was sincere in his belief that the wooded land was embraced

within the boundary of his land, but even if an agent honestly believes his statements as to the character of the land to be true, he is not justified in making them in order to induce a purchaser to enter into a contract where they are in fact untrue. (*McMahon* v. *Grimes*, 206 Cal. 526 [275 Pac. 440] ; *Muller* v. *Palmer*, 140 Cal. 305 [77 Pac. 954].)

Section 1572 of the Civil Code defines actual fraud as, ''2. The positive assertion in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true.''

█ It was known to appellants that respondent was desirous of purchasing the wooded land in question. Appellant Joseph Sergi represented to her that the tract was included in the property he proposed to sell her; she thereupon had a right to rely upon his representation and she was under no obligation to make any independent investigation of the facts.

In the case of *Teague* v. *Hall*, 171 Cal. 668 [154 Pac. 851], defendant, for the purpose of inducing plaintiff to purchase a nursery, falsely represented it contained a given number of budded trees. Plaintiff had no knowledge of the number of trees in the nursery and relied upon the representation of defendant. Defendant contended, upon an action brought by plaintiff, that the plaintiff had opportunity for examining the nursery, and the information containing the exact number of budded trees was available at all times, but the court held: ''That where one is justified in relying and in fact does rely upon false representations his right of action is not destroyed because means of knowledge were open to him. In such a case no duty in law is devolved upon him to employ such means of knowledge.''

In the case of *Hargrove* v. *Henderson*, 108 Cal. App. 667 [292 Pac. 148], defendant sold to plaintiff a certain 4.78-acre tract of land across which the Southern Pacific Railroad owned a right of way 200 feet wide. Plaintiff was taken to the property prior to the sale, shown the boundaries and was told that defendant owned the entire tract. Some four years after plaintiff went into possession the railroad brought an action against him in ejectment and recovered judgment and ejected him from its right of way. He then brought an action for damages to recover for the fraudulent representations made as to the quantity and boundary lines

of said 4.78-acre tract sold.  The court held that the vendor was presumed to know the areas and boundaries of his own land and that the vendee was entitled to rely upon the representations of the vendor as to its extent and under such circumstances was not required to investigate the public records or make further inquiry as to the areas or title or boundaries of the vendor's land.

We are therefore of the opinion that where a purchaser relying upon positive statements of a vendor is thereby lulled into a sense of security the running of the statute of limitations will be postponed until actual discovery of the fraud or mistake.

The judgment appealed from is therefore affirmed.

Thompson, J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 13, 1934.