[L. A. No. 15930. In Bank.—November 10, 1936.]

CROATIAN–SLAVONIAN BENEVOLENT SOCIETY, LODGE NO. 177 of CROATIAN FRATERNAL UNION OF AMERICA, Respondent, v. STEPHEN A. MIOCH, Appellant.

Haas, Johnston, Maurseth & Kerrin, Maurseth & Kerrin, Walter F. Haas, Stanley F. Maurseth and Gerald E. Kerrin for Appellant.

V. P. Lucas for Respondent.

WASTE, C. J.—The plaintiff, a fraternal benevolent society, brought suit against the defendant, its former secretary, to recover the sum of $2,151.30, alleged to have been fraudulently misappropriated and by him converted to his own use. The defendant interposed a demurrer attacking the complaint on nearly a score of grounds. The demurrer was overruled, and the defendant was given ten days within which to answer. On his failure to answer, his default was duly entered, and, upon the taking of testimony, judgment was entered for plaintiff as prayed for.

The transcript shows that at the time he filed the demurrer to the complaint the defendant also filed a motion to strike from the complaint certain allegations particularly set out and described. No ruling was made by the trial court on the motion to strike at the time the demurrer was overruled, although both matters were argued and presented together, and both matters were called to the court's attention. Some time after judgment for plaintiff was entered, the court made an order, *"nunc pro tunc"* as of the date of the ruling on the demurrer "correcting Minutes to show 'The motion to strike is denied'." Defendant appeals from the judgment and attacks the orders overruling the demurrer and denying the motion to strike.

Respondent admits that "While the complaint is perhaps not a model for succeeding generations to pattern after, nevertheless", it contends, "it meets all of the statutory requirements, and when read in its entirety states a cause of action clearly and concisely and shows a right in the plaintiff, a duty on the part of defendant, a breach or a violation of that duty by the defendant to the resulting damage of plaintiff". With both this admission and contention we must agree. The defendant was the secretary of plaintiff, and was charged, among other matters, with collecting the dues from the members, receipting for and paying the same to the treasurer, keeping an accurate account of all receipts and disbursements, and submitting the report

regularly to the lodge. By fraudulently entering upon the lodge books and records kept by him as secretary lesser sums than the amounts collected from the respective members, and depositing the funds of plaintiff coming into his possession as secretary in a bank account opened in his individual name as agent, he manipulated his lodge accounts, books and records as secretary in such manner that plaintiff was prevented from making an earlier discovery of the fraud than that alleged in its complaint. It was not until the trustees of the lodge audited and checked a report of the appellant, discovered the irregularities in the secretary's accounts, and caused an audit to be made that the shortage sued for ($2,151.30, named in the complaint) was discovered.

The complaint shows (1), that the fraud was not discovered until within three years prior to the time the action was commenced; (2), that the fraud was committed under such circumstances that the plaintiff would not be presumed to have had knowledge of it at the time; and (3), sets forth the times and circumstances under which the facts constituting the fraud came to plaintiff's knowledge sufficiently for the court to determine from the allegations of the complaint whether the discovery was within the three-year period. Such is the burden placed on the plaintiff in these cases, and, when it is fairly met, the complaint states a cause of action. (*Consolidated R. & P. Co.* v. *Scarborough*, 216 Cal. 698, 701 et seq. [16 Pac. (2d) 268].) The complaint met the test, the demurrer was properly overruled, and the motion to strike was properly denied.

The judgment is affirmed.

Curtis, J., Langdon, J., Edmonds, J., *pro tem.*, Shenk, J., Thompson, J., and Seawell, J., concurred.