[Civ. No. 11167. Second Appellate District, Division One.—March 12, 1937.]

EMMA M. BENNETT, Respondent, v. LANE MORTGAGE COMPANY (a Corporation) et al., Appellants.

Claud B. Andrews and John H. Alvord for Appellants.

Meserve, Mumper, Hughes & Robertson for Respondent.

BISHOP, J., *pro tem.*—Based upon the trial court's findings, which stand unchallenged, the events decisive of this appeal fall into a simple chronology. For some twenty years the plaintiff, now an elderly woman, had trusted the defendant Lane and his *alter ego,* the defendant corporation, with her investments. Early in 1928 the defendants had placed on property owned by them a trust deed to secure a note for $60,000, made payable to them. Knowingly, falsely representing to the plaintiff that they had purchased the $60,000 note with their own funds; that they had carefully investigated the property securing the note and were satisfied that it was sufficient security; that they were acting in good faith to obtain for her the highest and best type of security which would protect her, they induced her to purchase from them certificates which recited that she had obtained an undivided share in the $60,000 indebtedness evidenced by the note, which certificates they issued without a permit from the state commissioner of corporations. Interest payments under the certificates were made up until April, 1932, but no longer. The defendants, who, because of their long years of dealings with the plaintiff, enjoyed her confidence, told her repeatedly to rely on them, that she had only to wait, they would protect her interests, she need not investigate for herself. In April, 1935, the plaintiff employed an attorney to investigate her af-

fairs, and then for the first time discovered that she had been defrauded. She promptly rescinded and, because the defendants refused to return the money she had invested with them, she sued.

Judgment in her favor was followed by an appeal, in support of which the defendants offer two contentions: ■ The certificates were validly issued without a permit; the statute of limitations had run. Even if the first contention were sound, the result would not be affected, for the fraudulent representations justified the rescission. ■ Nor is the second contention to be upheld. The action was commenced within three years after the fraud was discovered, and its late discovery is satisfactorily explained.

The judgment is affirmed. The appeal from the order denying motion for new trial is dismissed.

York, Acting P. J., and Doran, J., concurred.